UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                                    :
ANTOINETTE MOORE, on behalf of       :
herself and all others similarly situated,     :         Civil Action No.:
                                                    :
                        Plaintiff,                 :         **CLASS ACTION COMPLAINT**
                                                    :
                        -against-                   :         JURY DEMAND
                                                    :
LONG ISLAND UNIVERSITY,             :
                                                    :
                         Defendant.                :
                                                    :
---------------------------------------------------x

        Plaintiff Antoinette Moore ("Plaintiff"), on behalf of herself and all others similarly situated, invokes the Court's jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and complains as follows against Defendant Long Island University ("LIU"):

## **NATURE OF THE ACTION**

        1.   This is a proposed class action against LIU for charging students full tuition and fees since March 2020 when LIU closed its campuses and moved to on-line learning in response to the COVID-19 pandemic. During the Spring semester 2020, LIU shut its campus facilities, discontinued all on-campus in-classroom instruction, and instead moved all instruction to remote online media.

        2.   LIU has not provided the services or facilities that the students bargained for and were billed for as part of their tuition and fees. Since moving to on-line classes, LIU has refused to return any portion of the tuition and fees and continues to charge its students full tuition and fees.

        3.   LIU is providing an educational experience that is less valuable than what Plaintiff and the Class bargained for when they enrolled at LIU.

4. LIU is improperly requiring its students to pay tuition and fees for services they are not receiving and facilities that LIU is not providing. In so acting, LIU is unjustly enriching itself at the expense of Plaintiff and the Class members she seeks to represent.

5. Plaintiff brings this action on behalf of herself and all other similarly situated LIU students seeking redress for LIU's breach of contract, unjust enrichment, conversion, and for money-had-and-received.

## PARTIES AND JURISDICTION

6. Plaintiff Antoinette Moore is a resident of New York and attended LIU in the Spring of 2020 as a full-time student. She graduated in May 2020 with a Master of Science Degree in Family Nurse Practitioner. For the 2019-2020 academic year, LIU charged Plaintiff tuition in excess of $1,276 per credit. LIU also charged fees at an additional $970 per full-time student and more than $480 per part-time student including fees allocated to using campus facilities.

7. In March 2020, during the Spring semester, LIU moved all courses to remote distance learning, thereby depriving Plaintiff and other LIU students of the benefits of live in-classroom instruction for which the students bargained and paid, including direct interaction and networking with professors and other students, which was a major selling point of LIU's course offerings and programs.

8. Defendant Long Island University is a private university with an enrollment of approximately 16,000 students. It is organized under the laws of the State of New York and has two primary campuses, both of which are in this District.

9. The Court has personal jurisdiction over Defendant LIU because LIU is headquartered in New York, conducts business in New York, and operates a university

at its Brooklyn and Brookville campuses, both of which are in this District, as well as other campuses in this District.

10. Venue is proper in this District under 28 U.S.C. §1391 because LIU is headquartered in this District, its campuses are located in this District, and the acts complained of occurred within this District.

11. This Court has subject-matter jurisdiction over all counts of this Class Action Complaint under the Class Action Fairness Act because Plaintiff seeks to represent a class whose members are of worldwide citizenship (*i.e.,* they are students having citizenship of their respective various states of residency and also international students who are citizens of their respective foreign countries of origin) and Defendant LIU is a New York citizen for purposes of the federal diversity statute. Moreover, the amount in controversy exceeds $5 million exclusive of costs, interest and attorneys' fees. LIU's actions have caused thousands of dollars in damages to Plaintiff and LIU's actions have similarly damaged thousands of other LIU students. This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1332(d) over all counts alleged in this Class Action Complaint.

## FACTUAL ALLEGATIONS

### LIU Touted Its Campus And Its In-Person Teaching As An Important Part Of The LIU College Experience

12. Before Plaintiff and the Class enrolled at LIU and paid their tuition and fees, LIU stressed the importance of its campus experience to the education of its students. Being on campus and interacting in-person with faculty and other students was an important and material part of the education experience at LIU for which it charged tuition and fees.

13. LIU consistently represented to Plaintiff and the Class that learning at LIU was not limited to taking classes.

14. For example, in materials LIU provided to its students, LIU represented that "learning and development is not limited to the classroom." *See* LIU Brooklyn Student Handbook.

15. LIU represented the importance of the on-campus experience to the learning at LIU:

> LIU Post is a vibrant place to live and learn. Here on campus, learning and development is not limited to the classroom.

*See* LIU Post Student Handbook.

16. Further, LIU represented the importance of the on-campus experience to learning and academic achievement:

> Our historic 330 acre campus located on Long Island's historic Gold Coast offers an incredible learning environment that fosters academic achievement as well as student growth and development. . . Discover everything LIU Post has to offer - - from world-class faculty to unique experiential learning opportunities to student clubs and organizations where you'll form life-long friendships.

*See* LIU Post Student Handbook.

17. The marketing and recruitment materials for LIU's School of Health Professions and Nursing where Plaintiff was enrolled also went to great lengths to highlight and tout the benefits of the in-classroom, in-person teaching experience of its nursing program.

18. LIU's website specifically pointed out the benefits of in-person learning:

> Small class sizes and personalized support, while providing the educational resources of one of the nation's largest private universities. Convenient scheduling, a library, computer labs and an inventory of 21st century technology teaching and learning tools ensure that every student has the opportunity to master vital subject matter while developing the skills and competencies needed for sustained success in a competitive marketplace.

https://liu.edu/Brentwood/About-Us.

19. Aside from the benefits touted by LIU for its School of Health Professions and Nursing program, the specific coursework that Plaintiff signed up for also called for in-person instruction and teaching.

**LIU Closes Its Campuses In March 2020 And Moves To On-Line Learning**

20. On March 11, 2020, LIU's President announced that the school was suspending all in-person classes effective March 15, 2020.

21. LIU announced that all classes would move on-line and that LIU was suspending in-person classes through March 27, 2020.

22. On March 22, 2020 LIU announced that it was moving all classes on-line for the remainder of the Spring 2020 semester and that LIU was cancelling all on-campus activities.

23. Since then LIU has not had any in-person classes.

24. Since moving on-line LIU has not refunded tuition or fees.

25. LIU has refused to make any tuition accommodation or provide any reimbursement of tuition or fees despite not providing the in-person, on-campus services and instruction for which students bargained.

26. Online education without on-campus interaction or access to campus facilities is inferior in nature and value to the traditional in-classroom on-campus education for which Plaintiff and other LIU students matriculated and paid.

27. In an April 26, 2020 Op-Ed in the *New York Times*, Brown University President Christina Paxson pushed for a return to campus instruction in the fall, "invoking all that makes in-person education so valuable: the fierce intellectual debates that just aren't the same on

Zoom, the research opportunities in university laboratories and libraries, and the personal interactions among students with different perspectives and life experiences."

28. Similarly, Professor Jonathan Zimmerman of the University of Pennsylvania was quoted in a *Philadelphia Inquirer* op-ed: "Most online instruction isn't as effective as the traditional kind, which is why elite schools have consistently resisted it."

29. LIU has refused to credit back to students any money for tuition and fees paid by students for the Spring 2020 semester and is refusing to reduce tuition and fees going forward even though LIU is continuing with on-line learning or limited campus services.

30. It is unfair for LIU to shift the entire financial burden to Plaintiff and the Class by refusing to refund a portion of the tuition and fees for the Spring 2020 semester and by refusing to reduce the tuition and fees while LIU continues with limited and restricted services.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(b)(2) on behalf of herself and all other similarly situated LIU students who paid or were obligated to pay tuition or fees since the Spring 2020 semester while LIU has resorted to on-line instruction. Excluded from the Class are students who expressly registered for online courses at LIU before the Spring 2020 semester as well as all judicial officers assigned to this case.

32. Class certification is proper because this Complaint raises issues and facts that are common to and affect numerous persons, such that it is impracticable to bring them all before the Court.

33. The class is sufficiently numerous, as LIU boasts an enrollment of approximately 16,000 students. The overwhelming majority of these students pay or are obligated to pay at least some portion of tuition or fees that are at issue in this litigation.

34. Plaintiff and her counsel are adequate representatives of the interests of the putative Class. During the Spring 2020 semester, when LIU moved to on-line classes, Plaintiff was a student at LIU who was charged tuition or fees as part of her enrollment and did not receive a refund for a portion of the tuition and fees after LIU moved to on-line learning. Plaintiff did not sign up for online instruction.

35. Plaintiff contends that LIU has breached its agreement with students and has otherwise acted improperly by continuing to demand and charge full tuition and fees despite LIU not providing any in-person classroom instruction at any of its campuses and not making campus facilities available for students. This claim and the others in this Complaint are common to all Class members.

36. Plaintiff has retained counsel experienced in class action litigation to litigate and represent the interests of the Class.

37. Plaintiff's claims are typical of the claims being raised on behalf of the absent Class members. Like all absent Class members, Plaintiff seeks redress for LIU's failure to provide any in-person campus instruction or campus facilities while continuing to charge full tuition and fees. The claims Plaintiff asserts are the same as, and are co-extensive with, the claims raised on behalf of the absent Class members.

38. Plaintiff's Complaint raises questions of fact or law common to the Class that predominate over questions affecting only individual Class members. Among these predominating common questions are:

7

a. Whether the relationship between LIU and the Class is contractual in nature;

b. Whether LIU ceased providing in-person classroom instruction as alleged in the Complaint and should be required to refund to Plaintiff and the Class a portion of the tuition and fees since March 2020;

c. Whether LIU deprived Class members of the use and enjoyment of campus facilities;

d. Whether LIU's online instruction is less valuable than in-person classroom instruction for which Class members bargained and paid;

e. Whether LIU should be allowed to keep the full amount of tuition and fees paid by Plaintiff and the Class after LIU shut its campus facilities and cancelled or limited in-person instruction;

f. Whether LIU charging and demanding full tuition and fees has harmed Plaintiff and the Class members;

g. Whether a method exists to compute class-wide damages or restitution;

h. Whether Class members are entitled to declaratory or injunctive relief against LIU; and

i. Whether LIU has unjustly enriched itself at the expense of the Class members.

39. Class-wide litigation provides a superior means of adjudicating this dispute instead of individual litigation. The cost of litigating an individual student's claim for a partial refund of tuition or fees makes such individual litigation unfeasible given the costs of bringing such an action relative to the amount of damages that could be recovered in an individual

action. Further, individual litigation risks the prospect of inconsistent rulings that would unsettle the legal obligations or expectations of LIU and Class members.

40. The Class is ascertainable, and can be identified from the records LIU maintains reflecting all its attending students and their financial obligations and payments.

41. Plaintiff reserves the right to modify the Class definition as case circumstances warrant.

## **COUNT I**

(Breach of Contract)

42. Plaintiff realleges and incorporates by reference all previous allegations, as though set forth in full herein.

43. When Plaintiff and the Class members enrolled in classes and paid the required tuition and fees, a contract was created between them and LIU. Thus, in addition to any enrollment contract that may exist between LIU on the one hand and Plaintiff and Class members on the other hand, an implied-in-fact contract independently exists between the parties as a matter of New York law.

44. A material component of this contractual relationship—whether documented in an express enrollment contract or in an implied-in-fact contract whose terms are defined by the parties' conduct -- is that instruction by LIU to Plaintiff and the Class members would not take place through online remote learning but would occur at LIU's campus classrooms and facilities. This is confirmed by the fact that before the COVID pandemic LIU offered students an option to take certain online courses and programs. But to do so, a student must specifically elect to apply for, and matriculate in, an online course or program. Plaintiff and the Class members elected *not* to apply for or matriculate in online courses or programs

9

offered by LIU, thereby confirming that what they bargained for was in-classroom, on-campus instruction.

45. By ceasing all in-person classroom instruction, relegating Plaintiff and the Class members to online instruction only, and shutting or limiting campus facilities to the Class Plaintiff and the Class members, LIU has failed to provide the services for which Plaintiff and the Class members bargained in entering their contractual relationship with LIU.

46. Although LIU may not bear culpability for the campus closures or the inability to provide any classroom instruction, neither do the enrolled students. Yet, while LIU has used the COVID-19 pandemic to excuse its obligation to fully perform the obligations of its bargain with its students, LIU continues to demand that all students fully perform their contractual bargain to pay in full all tuition and fees without any reduction for LIU's lack of full performance. This is contrary to ordinary tenets of contract law.

47. The nature of the instruction provided by LIU when Plaintiff and the Class members enrolled (*i.e.,* in-person classroom instruction) as well as the campus facilities offered by LIU across its schools and campuses were and are material terms of the bargain and contractual relationship between students and LIU.

48. LIU's failure to provide full in-person, on-campus classroom instruction and its shutdown of campus facilities while charging full tuition and fees amounts to a material breach of its contract with Plaintiff and the Class.

49. As a result of LIU's material breach, LIU cannot continue to demand full payment of tuition and fees from Plaintiff and Class members for services and facilities that LIU indisputably has failed and is failing to provide.

50. LIU's breach and continued demand for full payment from Plaintiff and the absent Class members are the proximate causes of Plaintiff's and the Class members' damages.

51. Plaintiff and the Class members have all been damaged as a direct, foreseeable, and proximate result of LIU's actions because Plaintiff and the Class members are being charged full tuition and fees for services that LIU is not providing.

52. Plaintiff and Class members are entitled to an award of money damages or partial restitution in an amount to be determined at trial as redress for LIU's breach.

53. Plaintiff prays for the establishment of a Court-ordered and supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

54. LIU continues to insist that full tuition and fees are due from Plaintiff and the students despite LIU's failure to fully perform its contractual obligations. Unless restrained by way of injunctive relief, LIU's conduct is reasonably likely to lead to irreparable harm. Plaintiff and the Class members are entitled to and do hereby pray for injunctive relief to enjoin LIU's continued conduct.

55. Plaintiff and the Class members are entitled to and do hereby pray for injunctive relief to enjoin LIU's continued conduct.

## COUNT II

### (Unjust Enrichment)

56. Plaintiff realleges and incorporates by reference the allegations above as though set forth in full herein.

57. Plaintiff and the Class members conveyed money to LIU in the form of tuition and fees for on-campus, in-person instruction and facilities that LIU did not provide and is not providing. LIU has continued to retain these monies, despite not providing the on-campus instruction or facilities.

58. Through this conduct, LIU has been unjustly enriched at the expense of Plaintiff and the Class members.

59. As between the two parties (LIU and the Class members), it would be inequitable to permit LIU to fully retain all the benefits conferred upon it by Plaintiff and the Class members in the form of tuition and fees paid.

60. Plaintiff and the Class members are entitled to and do hereby pray for an order of partial restitution as redress for LIU's unjust enrichment.

61. Plaintiff prays for the establishment of a Court-ordered and supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

62. LIU also continues to defy and deny any requests for partial tuition or fee reimbursement, claiming falsely that it is offering the same services as had been bargained for by Plaintiff and the Class members. Thus, LIU is continuing to demand full tuition and fees even when it is not providing full on-campus and in-person instruction. Unless restrained by way of injunctive relief, LIU's conduct is reasonably likely to lead to irreparable harm.

63. Plaintiff and the Class members are entitled to and do hereby pray for injunctive relief to enjoin LIU's continued conduct.

## COUNT III

### Conversion

64. Plaintiff hereby incorporates by reference the allegations of contained in all preceding paragraphs of this Complaint.

65. Plaintiff brings this claim individually and on behalf of the Class against LIU.

66. Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their tuition and fee payments to LIU.

67. LIU intentionally interfered with the rights of Plaintiff and Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

68. Plaintiff and members of the Class demand the return of the pro-rated portion of any tuition and fees for education services not provided since LIU shut down in March, 2020.

69. Defendant's retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff and the Class members of the benefits for which they paid tuition and fees.

70. This interference with the services for which Plaintiff and members of the Class paid, damaged Plaintiff and Class members in that they paid tuition and fees for services that LIU is not providing.

71. Plaintiff and the Class members are entitled to the return of pro-rated portion of any tuition and fees for education services not provided since the shutdown in March, 2020.

## COUNT IV

### (Money Had And Received)

72. Plaintiff realleges and incorporates by reference the allegations above as though set forth in full herein.

73. LIU received money from Plaintiff and the Class members in the form of tuition and fee payments.

74. This money received by LIU from Plaintiff and the Class members was supposed to be used by LIU for the benefit of the Plaintiff and Class members; namely, it was supposed to be used for LIU's provision of on-campus in-person university instruction and campus facilities to Plaintiff and the Class members.

75. LIU received and kept the money provided by Plaintiff and the Class members in the form of tuition and fee payments but has not provided any campus facilities or on-campus instruction since March, 2020. LIU, therefore, is indebted to Plaintiff and the Class members for this failure to provide on-campus and in-person instruction and campus facilities.

76. Plaintiff and the Class members hereby pray for all remedies available as redress for a claim of money had and received, including: a constructive trust over such monies had and received for which the benefit was not provided; restitution or disgorgement, as appropriate; and declaratory and injunctive relief.

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant LIU as follows:

1. For an order certifying this action as a class action as defined herein, appointing Plaintiff and her counsel as class representatives, and directing notice be disseminated to the absent class members;

2. For judgment in favor of Plaintiff and the Class members and against Defendant LIU on all counts and claims for relief;

3. For damages and/or restitution awarded to the Class against Defendant LIU in an amount to be determined at trial;

4. For the establishment of a Court-ordered and supervised common fund to be funded by Defendant LIU and from which: claims of all eligible class members will be paid; attorneys' fees awarded to Class counsel will be paid; costs of suit approved by the Court and incurred by Class counsel will be reimbursed; and, any award of interest will be disbursed;

5. For interest as permitted by law;

6. For an award of attorneys' fees;

7. For costs of suit;

8. For declaratory relief to have the Court declare the obligations of the parties;

9. For injunctive relief to enjoin Defendant's ongoing conduct; and,

10. For such other and future relief as this Court deems just and proper.

11. Plaintiff demands a trial by jury on all counts and claims so triable.

Dated: August 20, 2020

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: /s/ Stephen J. Fearon, Jr.
　　　Stephen J. Fearon, Jr.
32 East 57th Street
12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile:  (212) 421-6553
Email: stephen@sfclasslaw.com

Attorneys for Plaintiff