Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Tel:    212.421.6492
Fax:   212.421.6553
www.sfclasslaw.com



**Stephen J. Fearon, Jr.**
stephen@sfclasslaw.com

November 19, 2020

<u>**VIA ECF**</u>

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    **Antoinette Moore v. Long Island University; 2:20-cv-03843 (Lead Case)**

Dear Judge Cogan:

    The parties are jointly submitting this letter in advance of the telephonic initial case management conference scheduled for November 24, 2020 at 11:30 a.m.

    **1.**    <u>**Brief Description of the Case**</u>

    This is a proposed class action on behalf of students who paid tuition and fees to attend Defendant Long Island University ("LIU") in person but were prevented from doing so when LIU closed its campuses and moved to online classes as a result of the COVID pandemic.

    Plaintiffs seek to recover the difference between the tuition and fees Plaintiffs and the Class paid to LIU for an on-campus, in-person educational experience and the online, closed-campus experience they received starting in March, 2020.

    Originally there were three separate actions (two in this District and one in the Southern District of New York) but they have now been consolidated into this action. Earlier this month Plaintiffs filed a Consolidated Complaint (Dkt. No. 16) asserting claims for breach of contract, unjust enrichment, conversion, and violations of New York GBL §§ 349 and 350. Defendant has indicated that it intends to move to dismiss some or all of Plaintiffs' claims.

    Plaintiffs bring the claims on behalf of themselves and as a class action and they base jurisdiction upon the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class

member is of diverse citizenship from Defendant LIU, there are more than 100 class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. Defendant LIU has its headquarters in this District and operates two campuses in this District.

    (a)    <u>Plaintiffs' Legal Claims</u>

Plaintiffs assert the following legal claims: (1) breach of contract; (2) unjust enrichment; (3) conversion; and (4) violation of New York General Business Law Sections 349 and 350.

    (b)    <u>LIU's Defenses</u>

LIU will be asserting as defenses, *inter alia,* that Plaintiffs' breach of contract claim fails because (1) there is no contract specifically providing that instruction must be provided in-person; (2) New York courts do not recognize claims for educational practice (which is what Plaintiffs are actually alleging); and (3) the terms of LIU's policies and practices bar Plaintiffs' legal and damages claims. LIU also will be asserting that Plaintiff's additional legal claims fail for the above reasons and other.

    **2.**    **<u>Disputes About the Proposed Case Management Plan and Discovery</u>**

In accordance with Your Honor's Mandatory Requirements for Initial Status Conferences, counsel for the parties discussed a proposed discovery plan but have been unable to agree upon the plan. On November 4, 2020, Plaintiffs submitted a letter advising the Court that Defendant refused to agree to a discovery plan because Defendant intended to move to dismiss. See Dkt. 14 (Nov. 4, 2020 letter from Plaintiffs' counsel). The next day Defendant filed its own letter stating that it would likely file a motion to dismiss depending upon the contents of the Plaintiffs' consolidated complaint, which had yet to be filed; if LIU filed a motion to dismiss it would request a stay of discovery pending a decision on the motion[1]; and it requested that "the parties be relieved

---

[1]    LIU notes that there are several pending class action tuition/fee refund actions where discovery stays have been granted pending the adjudication of motions to dismiss. *See, e.g., Goldberg v. Pace University*, Civil Action No. 20-cv-3665 (PAE); *In Re Columbia University Tuition Refund Action,* Civil Action No. 20-cv-3208 (JMF); *Boykin-Smith v. New York Institute of Technology,* Civil Action No. 20-cv-4108 (JMA).

    Plaintiffs note that the majority of courts deciding motions on the pleadings in similar pending college refund cases have denied defendant's motions to dismiss. *See Salerno v. Fla. S. Coll.*, No. 8:20-CV-1494-30SPF, 2020 WL 5583522 (M.D. Fla. Sept. 16, 2020); *Milanov v. Univ. of Mich.*, Case No. 20-000056-MK, 2020 Mich. Ct. Cl. LEXIS 1 (Ct. Cl. July 27, 2020); *McDermott v. Ohio State Univ.*, No. 2020-00286JD, 2020 Ohio Misc. LEXIS 127 (Ct. Cl. Aug. 24, 2020); *Cross v. Univ. of Toledo*, No. 2020-00274JD, 2020 Ohio Misc. LEXIS 121 (Ct. Cl. July 8, 2020); *Mellowitz v. Ball State Univ. & Bd. of Trs. of Ball State Univ.*, 2020 Ind. Super. LEXIS 854 (Marion Sup. Ct. Civil Div. 14 Aug. 12, 2020); *Waitt v. Kent State Univ.*, 2020-00392JD (Oh. Ct. Cl. Sept. 28, 2020); *Garland v. Western Michigan Univ.*, 20-0063-MK (Mi. Ct. Cl. Sept. 15, 2020); *Smith v. The Ohio State Univ.*, 2020-00321JD (Oh. Ct. Cl. Sept. 9, 2020); *Zahn v. Ohio Univ.*, 2020-00371JD (Oh. Ct. Cl. Oct. 19, 2020). In light of the weight of these decisions, Plaintiffs request that discovery proceed.

of any obligation to file a CMP and the other requirements of the Court's pre-conference October 16, 2020 Order," which includes this joint letter. See Dkt. 15 (Nov. 5, 2020 Defendant's counsel letter to the Court). LIU also suggested that these issues be discussed and resolved at the November 24, 2020 conference call with the Court. *Id.*

The Court did not respond to either parties' letter.

The day after the Court directed Plaintiffs to file their Consolidated Complaint, it ordered the parties to submit a proposed Case Management Plan. Plaintiffs have provided their proposed Case Management Plan to Defendant's counsel. Although Plaintiffs seek to have the Court enter the Case Management Plan, Defendant is requesting that all discovery should be halted until the Court rules on Defendant's contemplated motion to dismiss. Moreover, Defendant LIU reserves its right to object to the terms of Plaintiff's proposed CMP.

Plaintiffs are attaching to this letter their proposed Case Management Plan.

### 3. **Contemplated Motions**

The parties expect the following motions in this case:

### A. **Defendant's Motion To Dismiss The Consolidated Complaint**

Defendant will move to dismiss all claims in the action.

The parties stipulate and agree that LIU will file its motion to dismiss on or before December 3, 2020; Plaintiffs will file their opposition on or before December 17, 2020; and LIU's reply papers shall be filed on or before December 28, 2020.

### B. **Motion for a Confidentiality Order**

In the event the case is not dismissed and discovery proceeds, the parties expect that Defendant will seek to protect some of its discoverable information with a Confidentiality Order. Plaintiffs suggest that the parties have two weeks to move to enter an agreed, proposed Confidentiality Order, or Defendant may file a motion for a Confidentiality Order within the same time period.

### C. **Class Certification**

In the event the case is not dismissed and discovery proceeds, Plaintiffs expect to move for class certification and they propose doing so by July 16, 2021. Plaintiffs suggest this date in order to provide the parties with sufficient time to complete discovery that the parties and the Court will need to address on a class certification motion.

### D. **Summary Judgment**

In the event the case is not dismissed and discovery proceeds, the parties expect that after discovery they will make summary judgment motions addressing some or all of the claims and defenses in the case.

### E. *In Limine* **Motions**

The parties expect that they each will make *in limine* motions as the action nears trial and will do so in accordance with this Court's rules and orders.

* * *

The parties will be prepared to address the substance of this letter at the upcoming conference. Because the conference will be by telephone and Plaintiffs will not be able to hand the Court the proposed Case Management Plan, Plaintiffs are attaching a copy of their proposed Case Management Report.

Respectfully submitted,

| | |
|---|---|
| Squitieri & Fearon, LLP | ANASTOPOULO LAW FIRM, LLC |
| By: /s/ Stephen J. Fearon, Jr. | By: /s/ Roy T. Willey, IV |
| Stephen J. Fearon, Jr. | Roy T. Willey, IV |
| Counsel for Plaintiffs and the Class | Counsel for Plaintiffs and the Class |
| BURSOR & FISHER, P.A. | BOND, SCHOENECK & KING, PLLC |
| By: /s/ Joseph I. Marchese | By: /s/ Gregory B. Reilly |
| Joseph I. Marchse | Gregory B. Reilly |
| Sarah N. Westcot | |
| Counsel for Plaintiffs and the Class | Counsel for Defendant |