UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINETTE MOORE, JAMES HOFMANN and COSMO PFIEL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LONG ISLAND UNIVERSITY,<br><br>    Defendant. | Case No. 20-cv-3843 (BMC) |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Antoinette Moore, James Hofmann, and Cosmo Pfiel ("Plaintiffs") respond as follows to Defendant Long Island University's ("Defendant" or "LIU") Notice of Supplemental Authority [ECF No. 31] alerting the Court to the recent rulings in *Hassan v. Fordham University*, Case No. 29-CV-3265 (KMW), 2021 WL 293255 (S.D.N.Y. Jan. 28, 2021) and *Gociman v. Loyola University of Chicago*, Case No. 20 C 3116, 2021 WL 243573 (N.D. Ill. Jan. 25, 2021).

As to the *Fordham* case, Plaintiffs respectfully submit that the District Court's decision was incorrect. The decision in *Fordham* goes against other recent decisions applying New York law, and against the vast majority of decisions across the country in which courts have found that college students adequately stated a claim for breach of contract based on their respective universities' failure to provide bargained-for in-person educational services. *See Bergeron v. Rochester Institute of Technology*, Case No. 6:20-cv-06283-CJS, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020) (applying New York law); *Ford v. Rensselaer Polytechnic Institute*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020) (applying New York law); *Chong v. Northeastern Univ.*, 2020

1

WL 7338499 (D. Mass. Dec. 14, 2020); *Rosado v. Barry Univ. Inc.*, 2020 WL 6438684 (S.D. Fla. Oct. 30, 2020); *Salerno v. Florida Southern College*, -- F. Supp. 3d --, 2020 WL 5583522 (M.D. Fla. Sept. 16, 2020); *Saroya v. Univ. of the Pacific*, 2020 WL 7013598 (N.D. Cal. Nov. 27, 2020); *Gibson v. Lynn Univ.*, 2020 WL 7024463 (S.D. Fla. Nov. 29, 2020); *Doe v. Bradley Univ.*, Case No. 1:20-cv-01264, Dkt. No. 19 (C.D. Ill. Dec. 22, 2020); *Cross v. Univ. of Toledo,* 2020 WL 4726814 (Ohio Ct. Cl. Jul. 8, 2020); *Milanov v. Univ. of Michigan*, 2020 WL 7135331 (Mich. Ct. Cl. Jul. 27, 2020); *Mellowitz v. Ball State Univ.,* 2020 WL 5524659 (Ind. Super. Ct., Marion Cty. Aug. 14, 2020); *Smith v. Ohio State Univ.*, 2020 WL 5694224 (Ohio Ct. Cl. Sept. 9, 2020); *Garland v. Western Michigan Univ.*, 2020 Mich. Ct. Cl. LEXIS 7 (Mich. Ct. Cl. Sept. 15, 2020); *McDermott v. Ohio State Univ.*, 2020 WL 5239892 (Ohio Ct. Cl. Aug. 24, 2020); *Waitt v. Kent State Univ.*, 2020 WL 5894543 (Ohio Ct. Cl. Sept. 28, 2020); *Zahn v. Ohio Univ.*, 2020 WL 6163919 (Ohio Ct. Cl. Oct. 19, 2020); *Verlanga v. Univ. of San Francisco*, 2020 WL 7229855 (San. Fran. Sup. Ct. Nov. 12, 2020); *Spiegel v. The Trustees of Indiana Univ.*, 2020 WL 7135320 (Ind. Cir. Nov. 19, 2020); *Kishinevsky v. Board of Trustees of Metro. State Univ. of Denver,* 2020 WL 7087313 (Colo. Dist. Ct. Nov. 23, 2020).

Moreover, although the District Court in *Fordham* granted the defendant's motion to dismiss, dismissal has not yet been entered. The Court provided the plaintiff the opportunity to seek leave to amend the Complaint on or before February 11, 2021, in order to cure the deficiencies in the First Amended Complaint and to address the issues raised by the District Court in its decision granting the motion to dismiss. Given the non-final nature of the court's ruling, the decision in *Fordham* is unpersuasive.

Furthermore, the decision in *Gociman* is inapplicable to the instant case. *Gociman*, which did not apply New York law, relied heavily on *Lindner v. Occidental College*, 2020 WL 7350212

(C.D. Cal. Dec. 11, 2020) as authority. However, *Lindner*, which also did not apply New York law, is currently on appeal due its reliance on *Chong v. NE. Univ.*, 2020 WL 5847626 (D. Mass. Oct. 1, 2020) ("*Chong I*"), which was subsequently superseded by *Chong v. NE. Univ.*, 2020 WL 7338499 (D. Mass. Dec. 14, 2020) ("*Chong II*"). In *Chong II*, the court denied the motion to dismiss the amended complaint holding the scope of the alleged contract to be a question of fact to be determined at a later stage and concurring with the majority of other courts that the plaintiffs' claims did not sound in educational malpractice. *Id.*

Dated: February 9, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joseph I. Marchese*
           Joseph I. Marchese

Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (*pro hac vice* forthcoming)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

**ANASTOPOULO LAW FIRM, LLC**
Roy T. Willey, IV (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
843-614-8888
Email: roy@akimlawfirm.com

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN, LLP**
John M. Bradham
Peter B. Katzman
444 Madison Avenue, 4th Floor
New York, NY 10022
Tel: (212) 695-8050
Email: jbradham@msbllp.com
         pkatzman@msbllp.com

**SQUITIERI & FEARON, LLP**
Stephen J. Fearon, Jr.
32 East 57th Street
12th Floor
New York, NY 10022
Tel: (212) 421-6492
Email: stephen@sfclasslaw.com

*Attorneys for Plaintiffs*