TOLL FREE: 1 (800) 313-2546
FACSIMILE: (843) 494-5536

REPLY TO ANN STREET OFFICE
ROY@AKIMLAWFIRM.COM

**ANASTOPOULO LAW FIRM**

Akim A. Anastopoulo (SC)
Eric M. Poulin (SC)(NC)(GA)(CA)
Roy T. Willey, IV (SC)

Blake Abbott (SC)
Jonathan N. Alkis (SC)
Constance Anastopoulo (SC)*
Gus Anastopoulo (SC)
M. Stephen Blevins, Jr. (SC)
Stefan B. Feidler (SC)(GA)
Matthew T. Foss (SC)
Ivey B. Franklin (SC)
Herb F. Glass (SC)(GA**)
Thomas J. Godfrey (SC)(NC)
Justin S. Hemlepp (FL)
Travis D. Hilka (SC)(NC)
J. Camden Hodge (SC)
Lane D. Jefferies (SC)
Joshua E. Jones (SC)
Byron V. Leary, II (SC)
Brian P. Kerley (SC)
Alexis W. McCumber (SC)
Matthew L. Nall (SC)(KY)
India D. Shaw (SC)(DC)
R. Casey Van Valkenburgh (SC)(IL)(MO)
P. Heath Ward (SC)
D. Lee Willard, Jr. (SC)
L. Crayton Williams (SC)
Jarrett E. Withrow (SC)

*OF COUNSEL
** PROVISIONAL LICENSE

August 2, 2021

**VIA ELECTRONIC FILING**
Hon. Brian M Cogan
U.S. District Court for the Eastern District of New York
Federal Building and United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   *Moore, et al. v. Long Island University*, **Case No. 2:20-cv-03843-BMC**

Dear Judge Cogan:

     We represent Plaintiffs Antoinette Moore, James Hofmann, and Cosmo Pfeil ("Plaintiffs") in the above refenced putative class action. In accordance with Section III(A)(2) of your Individual Practices, we write to request a pre-motion conference in anticipation of filing a motion to strike Defendant's second, third, and fourth Notices of Supplemental Authority (Dkt. Nos. 33, 34, & 35) filed by Defendant, Long Island University ("Defendant"). Alternatively, should this request be denied, Plaintiffs respectfully request leave to provide their own supplemental briefing.

     Neither the Federal Rules of Civil Procedure, nor the Local Rules, nor this Court's case procedures authorize Defendant's Notices of Supplemental Authority (Dkt. No. 33, 34, & 35). Nevertheless, Defendant apparently granted itself leave to file what are essentially three sur-replies in support of Defendant's motion for judgment on the pleadings. Defendant's unauthorized filings should be stricken by this Court because they are procedurally improper.

### Background

     On November 24, 2020, this Court set a briefing schedule on Defendant's motion for judgment on the pleadings. The briefing schedule did not contemplate or authorize supplemental filings. On December 3, 2020, Defendant filed its motion for judgment on the pleadings and memorandum in support thereof (Dkt. Nos. 22 & 23). Briefing on Defendant's motion for judgment on the pleadings concluded with Defendant filing its reply in support of its motion for judgment on the pleadings on December 28, 2020. (Dkt. No. 28). Without authorization under the Federal Rules of Civil Procedure or the Local Rules, and without obtaining leave of this Court, Defendant filed a Notice of Supplemental Authority on February 1, 2021. To not further burden the Court with a motion to strike, Plaintiff simply responded on February 9, 2021 (Dkt. No. 29), believing that would be the end of the filings. However, Defendant then filed additional Notices of Supplemental Authority on July 7, 2021 (Dkt. No. 33), July 20, 2021 (Dkt. 34), and July 29, 2021 (Dkt. No. 35) with a combined 8 additional pages of argument.

**MAILING:** 32 Ann Street, Charleston, South Carolina 29403
**North Charleston:** 2170 Ashley Phosphate Road, 3rd Floor, North Charleston, South Carolina 29406 * **Greenville:** 418 River Street, Greenville, SC 29601
**Florence:** 150 W. Evans Street, Florence, South Carolina 29501 * **Myrtle Beach:** 2411 N. Oak Street, Suite 407, Myrtle Beach, South Carolina 29577
**Columbia:** 1201 Main Street, Suite 1100, Columbia, South Carolina 29201 * **Charlotte, NC:** 525 N. Tryon Street, Suite 1600, Charlotte, NC 28202
**Wilmington, NC:** Appointment Only

**Argument**

Defendant's second, third, and fourth Notices of Supplemental Authority are procedurally improper, like the first, and should be stricken by this Court.

Procedurally, Defendant's Notices of Supplemental Authority are akin to sur-replies, and are not authorized by the applicable rules or orders from this Court, and exceed the number of pages Defendant was permitted to argue its motion for judgment on the pleadings. Furthermore, Defendant's Notices of Supplemental Authority fail to advise the Court that since the parties completed briefing on Defendant's motion for judgment on the pleadings, other decisions have come to light in other COVID-19 tuition class action cases denying motions to dismiss.[1]

---

[1] *See*, *e.g.*, *Bahrani v. Northeastern Univ.*, No. 20-cv-10946, 2020 WL 7774292 (D. Mass. Dec. 30, 2020); *Garland v. W. Mich. Univ.*, No. 20-000063, 2021 WL 305744 (Mich. Ct. Cl. Jan. 6, 2021); *Hiatt v. Brigham Young Univ.*, No. 1:20-cv-00100-TS, 2021 WL 66298 (D. Utah Jan. 7, 2021); *Dutra et al. v. Boston Univ.*, No. 20-cv-10827, 2021 U.S. Dist. LEXIS 4651 (D. Mass. Jan. 7, 2021); *McCarthy v. Loyola Marymount Univ.*, No. 2:20-cv-04668, 2021 WL 268242 (C.D. Cal. Jan 8, 2021); *Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:20-cv-927, 2021 WL 140708 (M.D. Fla. Jan 14, 2021); *Grant v. Chapman Univ.*, No. 30-2020-01146699, 2021 WL 908564 (Cal. Sup. Ct. Jan. 22, 2021); *Doe v. Emory Univ.*, No. 1:20-cv-2002, 2021 WL 358391 (N.D. Ga. Jan. 22, 2021); *Little v. Grand Canyon Univ.*, No. 20-cv-00795, 2021 WL 308940 (D. Ariz. Jan 29, 2021); *Verdini v. Dist. Bd. Of Trs. of Miami-Dade College*, No. 2020-17924, 2021 Fla. Cir. LEXIS 4 (Cir. Ct. Feb. 1, 2021); *In Re: University of Miami Covid-19 Tuition and Fee Refund Litigation*, No. 0:20-cv-60851, 2021 WL 1251139 (S.D. Fla. March 5, 2021); *Holmes v. Univ. of Mass.*, 2021 WL 1099323 (Sup. Ct. Mass. Mar. 8, 2021); *Seslar, et al. v. Trs. of Purdue Univ.*, No. 79D02-2005-PL-000059, 2021 WL 1235493 (Ind. Super. Ct. Mar. 8, 2021); *Patel v. Univ. of Vermont*, No. 20-cv-00061, 2021 WL 1049980 (D. Vt March 15, 2021); *Barry v. Univ. of Washington*, No. 20-2-13924-6, Memorandum and Order (Wn. Super. Ct. Mar. 19, 2021); *Metzner v. Quinnipiac Univ.*, No. 20-cv-00784, 2021 WL 1146922 (D. Conn. Mar. 25, 2021); *Omori v. Brandeis Univ.*, No. 20-cv-11021, 2021 WL 1408115 (D. Mass. Apr. 13, 2021); *Rodrigues v. Boston Coll.*, No. 20-cv-11662, Order (D. Mass. Apr. 15, 2021); *Botts v. Johns Hopkins Univ.*, No. 20-1335, 2021 U.S. Dist. LEXIS 76788 (D. Md. Apr. 21, 2021); *Williams v. Corp. of Mercer Univ.*, No. 5:20-CV-361, 2021 WL 2328009 (M.D. Ga. June 7, 2021); *Miazza v. Bd. Of Supervisors of Louisiana State Univ. and Agric. and Mechanical Coll.*, Case No. C-696918 and *Gunter v. Louisiana State Univ., et al.*, Case No. C-698930, Order (La. Civ. D. Ct. June 11, 2021); *Montesano v. The Catholic University of America*, Case No. 20-cv-01496 and *Payne v. Howard University*, Case No. 20-cv-3792, 2021 WL 2894720 (D.D.C. July 9, 2021); and *Ballas v. State of Nevada Bd. Of Regents, et al.*, Case No. CV20-922, Order (Nv. Civ. D. Ct. July 29, 2021).

      As the Court is undoubtedly aware, there are hundreds of COVID-19 tuition class action cases proceeding around the country in state and federal courts, including several in this Court. Each time a court grants or denies a motion to dismiss in one of these cases, neither Plaintiffs nor Defendant should be making unauthorized filings with this Court regarding the same. Briefing would never end if the parties did so.

      Wherefore, Plaintiffs respectfully request that this Court strike Defendant's second, third and fourth Notices of Supplemental Authority (Dkt. No. 33, 34 & 35), or alternatively, grant Plaintiffs leave to provide their own supplemental briefing.

Respectfully submitted,

*/s/ Roy T. Willey, IV*
Roy T. Willey, IV


cc:    all counsel of record