# EXHIBIT 21

F I L E D
Electronically
CV20-00922
2021-07-29 11:38:25 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8568465

CODE: 2840

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

KELSIE BALLAS and REBECCA OSTRANDER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE COLLEGE OF SOUTHERN NEVADA, GREAT BASIN COLLEGE, TRUCKEE MEADOWS COMMUNITY COLLEGE, UNIVERSITY OF NEVADA – LAS VEGAS, UNIVERSITY OF NEVADA – RENO, and WESTERN NEVADA COLLEGE,

Defendants.

Case No.:   CV20-00922
Dept. No.:   9

## **ORDER DENYING MOTION TO DISMISS**

This matter came on for oral argument on June 1, 2021. At the time of the hearing the Court was in receipt of Defendants STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION on behalf of the COLLEGE OF SOUTHERN NEVADA, GREAT BASIN COLLEGE, TRUCKEE MEADOWS COMMUNITY COLLEGE, UNIVERSITY OF NEVADA – LAS VEGAS, UNIVERSITY OF NEVADA – RENO, and WESTERN NEVADA COLLEGE's (hereafter "the Board") *Motion to Dismiss Plaintiff's First Amended Class Action Complaint* filed October 21, 2020. Plaintiffs KELSIE BALLAS and

REBECA OSTRANDER (collectively "Plaintiffs") filed their *Memorandum in Opposition to Defendant's Motion to Dismiss* on November 23, 2020. On December 23, 2020, the Board filed its *Reply in Support of Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.*

The Court was further in receipt of Plaintiffs' *Motion to Supplement Plaintiffs' Opposition to Defendant's Motion to Dismiss* filed January 27, 2021. The Board filed its *(1) Response to Plaintiffs' Motion to Supplement, and (2) Motion to Supplement Defendant's Motion to Dismiss* on February 10, 2021. Plaintiffs thereafter filed a *Reply in Support of Plaintiff's Motion to Supplement Plaintiffs' Opposition to Defendant's Motion to Dismiss AND Opposition to Defendant's Motion to Supplement Defendant's Motion to Dismiss* filed February 17, 2021. On February 24, 2021, the Board filed its *Reply in Support of Motion to Supplement Defendant's Motion to Dismiss.*

Upon careful review of the record and following oral argument, the Court DENIES the Board's *Motion to Dismiss Plaintiff's First Amended Class Action Complaint.*

## LEGAL AUTHORITY

In evaluating a motion to dismiss, this Court must accept all factual allegations as true and all inferences are drawn in favor of the non-moving party. *Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). A motion to dismiss can be granted only if "it appears beyond a doubt that the non-moving party could prove no set of facts, which, if true, would entitle her to relief." *Id.*

A decision to dismiss a complaint under Rule 12(b)(5) of the Nevada Rules of Civil Procedure is rigorously reviewed on appeal with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complainant. *Torres v. Nev. Direct Ins. Co.,* 131 Nev. 531, 541, 353 P.3d 1203, 1210 (2015). The Court must construe the pleadings liberally and accept all factual allegations in the complaint as true. A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him or her to relief. *Blackjack Bonding v. City of N. Las Vegas,* 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

/ / /

/ / /

/ / /

**BACKGROUND**

In or around the Spring of 2020, Plaintiffs were enrolled as students in the Nevada System of Higher Education. In addition to tuition, Plaintiffs were charged mandatory fees which included but were not limited to a technology fee, a Student Union Fee, an Athletics and Recreation Fee, a Special Building Fee, a Health and Sports Fee, a Student Life Facilities Fee, a Recycling Fee, a Performing Arts Fee, and a Fitness Center Fee. *Opp'n.* p. 3:1-5.

Following Governor Sisolak's Directive in response to the pandemic caused by COVID-19, on or about March 18, 2020, Plaintiffs were moved from their on-campus program to an online program. The Board subsequently required Plaintiffs to completely vacate the campus and return to their families.

For the remainder of the Spring 2020 semester, Plaintiffs continued in the online program and did not have access to services and benefits for which they had paid fees. Plaintiffs assert the Board has refused to pro-rate, discount, or refund any pre-paid tuition and fees paid by Plaintiffs for the Spring 2020 semester.

Plaintiffs filed their complaint in the instant matter alleging the Board breached its contractual terms that required the Board to provide them with certain benefits. Plaintiffs further allege the Board was unjustly enriched by Plaintiff's payment of registration fees amongst other fees. Plaintiffs asserted their claims both individually and on behalf of two putative classes that include students at six of the Board's higher education institutions. The instant motion to dismiss followed.

**DISCUSSION**

Upon review of the evidence presented to the Court and after oral argument on the matter, the Court DENIES the Board's *Motion to Dismiss Plaintiff's First Amended Class Action Complaint.*

In its motion, the Board first argues that it is immune from the instant lawsuit. The Board asserts "Plaintiffs' lawsuit is based on their dissatisfaction with a discretionary act – namely, the Board's decision to transition most on-campus classes and activities to an online forum without reducing registration fees/ "tuition" or other mandatory fees." *Mot.* p. 8:1-4.

/ / /

The Board maintains that where a university has a contract with a student, the University must be accorded wide discretion in its academic affairs and decision-making. *Id.* p. 9:1-3. Furthermore, the Board argues as a result of the pandemic caused by COVID-19, the Board had to "exercise its judgment: cancel classes bringing all student education to a complete and abrupt halt or continue providing education remotely for the remainder of the semester." *Id.* p. 9:6-9. The Board ultimately decided to move to online instruction without reducing fees. The Board contends they are statutorily immune from liability pursuant to NRS 41.032[1] because the decision whether to adjust fees and whether to move classes online in the Spring 2020 semester were decisions which required the Board's exercise of discretion.

Plaintiffs, in opposition, argue the Board is not entitled to qualified immunity. Plaintiffs concede NRS 41.032 provides state agencies with qualified immunity when performing discretionary acts. However, Plaintiffs maintain the Defendant's acts were not discretionary, they were contractual. Plaintiffs assert in this matter, the Board "violated the specific terms of the student-university contract, [and the court is] not required to evaluate [the] decision as discretionary or ministerial [and/or] whether immunity attaches." *Opp'n.* p. 5:19-23. Plaintiffs further argue whether or not the Defendant acted within the discretion of the contract is a question of fact not ripe at this stage of litigation.

The Court agrees and finds the issue of whether the Board acted within the Discretion of the contract is a question of fact that is not ripe for review at this time. Specifically, the Court finds there still remain questions that need to be determined through discovery. At this stage of litigation, the question before the Court is whether Plaintiff's claim has been properly plead. The Court finds it has. As such, the Court denies the Board's Motion to Dismiss on this basis.

The Board next argues Plaintiffs have failed to state a claim for Breach of Contract. Specifically, the Board argues: (1) Plaintiffs failed to plead the formation of a valid contract between them and the board containing any of the terms alleged; (2) Plaintiff's failed to plead the

---

[1] NRS 41.032 - "[N]o action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivision which is . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved was abused."

formation of a valid contract for their tuition claim; (3) Plaintiffs failed to plead the formation of a valid contract for their fee claims; (4) the Amended Complaint fails to give the Board adequate notice of breach; (5) the Board could not have breached the agreement by exercising the authority the alleged contract gives it; and (6) the coronavirus pandemic and Governor Sisolak's resulting directives excused any obligation to provide in-person experiences. *See generally,* Motion to Dismiss pp. 9-20.

Plaintiffs maintain they have properly plead enforceable contractual commitments throughout their Amended Complaint. Specifically, Plaintiff's argue they have properly identified in the Amended Complaint that the, "website, policy manuals, academic catalogs, student handbooks, marketing materials and other circulars, bulletins, and publications and . . . course of dealing, communications and conduct . . . form the basis of the contract . . . as they are the means by which Defendant markets its services to prospective students and attempts to influence them to apply for admission at one of Defendant's universities as opposed to another institution of higher learning." *Opp'n.* p. 6:19-25. *See also,* Amended Complaint, ¶¶ 81, 36, 83, 87, 91-92.

Plaintiffs further maintain they identified the website/catalogs of the Universities. Plaintiffs argue the promotional materials in the catalogs and websites regarding the "on-campus experience" formed the terms of the contract. Plaintiffs posit it was those terms that "guided and formed the basis of the Plaintiffs' decision to attend school at the Universities. More specifically, Plaintiffs maintain that through printed and online materials, Plaintiffs made the decision to pay for an in-person, on-campus educational product. Plaintiffs assert they paid for the product and that product was cut off on or about March 18, 2020, by the Board. Plaintiffs maintain they reasonably expected to continue to receive the product they purchased, however, they did not.

The Board asserts the catalog and promotional materials are not binding to establish the existence of a contract.  The Board specifically points to the "Legal Notice" which reads in pertinent part, "the catalog does not constitute a contractual commitment that the university will offer all the courses or programs described." However, Plaintiffs maintain the materials used to promote and sell Plaintiffs on the program they purchased were part of an implied contract between the parties.

Plaintiffs ultimately maintain they were promised, after they paid for, an on-campus program at the Board's institutions. Plaintiffs contend following payment, Defendant switched Plaintiffs to online programming without just compensation. Plaintiffs maintain they are not asking this Court to review the educational decisions made by defendant. Instead, Plaintiffs assert they seek justice under contract laws.

To properly plead a breach of contract claim under Nevada law, "the Plaintiff in a breach of contract action [must] show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.,* 434 F. Supp. 2d 913, 919-20 (2006).

The Court finds Plaintiffs have properly pled their claim for a breach of contract. Moreover, the Court finds there remain questions that still need to be determined through discovery. At this stage of litigation, the question before the Court is whether Plaintiffs claim has been properly plead. The Court finds it has. As such, the Court denies the Board's Motion to Dismiss on this basis.

The Board next argues the coronavirus pandemic and the Governor's resulting directives excused any obligation to provide in-person experiences. The Board maintains remote learning was the only viable and lawful teaching option given the directives of Governor Sisolak. *Mot.* p. 19:27-28. The Board specifically argues that "the fact that the Board was forced to close on-campus operations and that the coronavirus pandemic was unexpected by the parties means that, to the extent it would be considered a breach under normal circumstances, the stoppage of most on-campus activities for the Spring 2020 semester would be excused under the doctrine of impossibility." *Id.* p. 20:9-13. The Board argues that not only was their performance excused, but Plaintiffs accepted the Board's post-pandemic offerings.

Generally, the defense of impossibility is available to a promisor where their performance is made impossible or highly impractical by the occurrence of unforeseen contingencies, but if the unforeseen contingency is one which the promisor should have foreseen, and for which they should have provided, this defense is unavailable to them. *Nebasco, Inc. v. Riverview Realty Co.,* 87 Nev. 55, 482 P.2d 305 (1971).

Plaintiffs assert impossibility is an issue which the Board will bear the burden of proving after discovery has taken place. Plaintiffs further assert "just because a contract is frustrated by an unforeseeable event that merely makes performance less profitable that anticipated does not allow a party to discharge their duties under this doctrine." *Opp'n.* p. 15:1-4.

The Court finds there remain questions that still need to be determined through discovery. Further, the Board will have the burden of proving the affirmative defense of impossibility after discovery has been completed. Thus, at this stage of litigation, this issue is premature. As such, the Court denies the Board's Motion to Dismiss on this basis.

The Board next asserts Plaintiffs have failed to State a Claim for Unjust Enrichment. The Board maintains, that "in the absence of a contract, Plaintiffs' unjust enrichment claims fail due to their inability to plead that the off-campus educational experience they received under the circumstances was inequitable." *Mot.* p. 22: 3-5. The Board further maintains that the alternative virtual educational experience developed by the board is not inequitable when Plaintiffs do not and could not claim that the virtual educational experience denied students credit for their studies. *Id.* p. 22:9-12.

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr. Inc.,* 128 Nev. 371, 381, 283 P.3d 250, 257 (2012).

Plaintiffs argue they have properly plead a claim for unjust enrichment. Plaintiffs maintain there is no dispute that Plaintiffs conferred a benefit upon the Board through the full pre-payment of tuition and fees in this matter.

As argued by the Board, and acknowledged by Plaintiffs, to the extent the Court finds that a contract existed between Plaintiffs and the Board, Plaintiff's claims for unjust enrichment fail. However, the Court finds at this stage in the litigation, neither criteria have been established as questions of fact remain which will be determined through discovery. Thus, at this stage of

litigation, this issue is premature. As such, the Court denies the Board's Motion to Dismiss on this basis.

The Board finally argues the Amended Complaint fails to state a claim related to the College of Southern Nevada, Great Basin College, Truckee Meadows Community College, or Western Nevada College. The Board specifically argues Plaintiffs only stated, "they enrolled at, and paid registration fees/ "tuition" and fees for, an education by UNR and UNLV." *Mot.* p. 22:15-17.

Plaintiffs contend their suit is not against any particular campus, instead, it is against the Nevada System of High Education which consists of eight constituent institutions.

The Court finds Plaintiffs have adequately plead their claims against the Board, which is the standard in the motion to dismiss stage. Finding such, the Court denies the Board's Motion to Dismiss on this basis.

THEREFORE, pursuant to Nevada law and the above-stated reasoning, the Court HEREBY finds the *Motion to Dismiss* is DENIED.

IT IS SO ORDERED.

DATED: this 29th day of July 2021.

_____
DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I certify that I am an employee of the Second Judicial District Court of the State of Nevada, County of Washoe; that on this 29th day of July, 2021, I deposited for mailing with the United States Postal Service in Reno, Nevada, a true copy of the attached document addressed to:

[NONE]

Further, I certify that on the 29th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court electronic filing system, which will send notice of electronic filing to the following:

ROY WILLEY, ESQ. for REBECCA OSTRANDER, REBECCA OSTRANDER
ABRAN VIGIL, ESQ. for BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION
LINDSAY DEMAREE, ESQ. for BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION
MATTHEW SHARP, ESQ. for REBECCA OSTRANDER et al

_____
Judicial Assistant